By the Court, Bronson, J.
In assumpsit, any thing which shows that the plaintiff never had any cause of action, and most matters in discharge of the action showing that the plaintiff had no subsisting cause of action at the time the suit was commenced, may be given in evidence under the general issue.(a) But when the action was well brought, and the defendant has some matter in discharge arising afterwards, he should plead it specially in bar of the further maintenance of the action.(b) It cannot be given in evidence under the general issue. I speak of cases where the matter set up is a full defence. A partial defence never can be pleaded, because every plea in bar must contain a full answer to the declaration or count to which it is pleaded. Most partial defences may therefore be given in evidence under the general issue.(c) Here the defendant set up what, if true, would constitute a complete bar to the further maintenance of the action, to wit, payment of the whole demand after suit brought; and lie should have pleaded the matter spe *395 daily. If the general issue had been pleaded before the payment, as was stated at the bar, then this matter should have been pleaded puis darrein continuance.
It is said that the matter could not be pleaded, because the defendant could not plead to the note, but must plead to the declaration; and as the declaration demands two hundred dollars damages, a plea that the defendant paid a less sum, to wit, the amount of the note, would only show a partial defence, which camiot be pleaded. But the plea would not be that the defendant paid any particular sum of money, but that he paid the several sums of money in the declaration mentioned. This would not make it necessary for him to prove on the trial that he, paid the whole sum mentioned in the declaration. On showing that he had made any payment on account of the demand in suit, unless it affirmatively appeared that it was only a partial payment, the burden would be thrown on the plaintiff to show that his whole demand had not been satisfied. (New-York Dry Dock Co. v. McIntosh, ante, p. 290.) The substance of the issue is all that the party is required to prove, and that does not very often depend upon dollars and cents. There was no legal difficulty in the way of pleading the defence which was set up on the trial, and as it arose after suit brought, it should have been pleaded,
Judgment affirmed,

 See Young v. Rummell, (2 Hill, 478.)

 See Kunzler v. Kohaus, (ante, p. 317.)

 See Wilmarth v. Babcock, (2 Hill, 194.) Otherwise as to a defence by way cf recoupment. (Van Epps v. Harrison, ante, p, 63; The Mayor, &c. of the City of Albany v. Trowbridge, ante, p. 71; Barber v. Rose, ante,p. 76.)